UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARAMA THOMAS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NEWARK POLICE DEPARTMENT, et al.<br><br>　　　　Defendant. | Civil Action No.: 08-2452(PGS)<br><br>MEMORANDUM AND ORDER |

　　　　This matter has been opened to the Court by way of a Verified Petition for Determination and Enforcement of Attorney Fee Lien. The Court views the application as a new complaint for legal fees pursuant to the fee lien statute. N.J.S.A. 2A:13-5.

　　　　In this case, the Petitioner, Hyderally & Associates, P.C., is a law firm located in Montclair, New Jersey. On March 15, 2011, Plaintiff substituted Angelo R. Bianchi, Esq. in place of Hyderally & Associates as counsel in the § 1983 action. Hyderally & Associates seeks an attorney's lien in the amount of $228,500 for services rendered prior to the substitution.

　　　　The Petition requests that the Court require Ms. Thomas to answer its Petition, to allow pre-trial discovery, conduct a pre-trial hearing, and to order complete payment of fees. Although in § 1983 cases, the Court sometimes awards fees; the manner in which Hyderally & Associates requests the Court to follow raises a broader issue of whether a federal court has jurisdiction over a legal fee dispute between citizens of the same state – there is no diversity of citizenship.

　　　　Generally, federal courts are of limited jurisdiction. Each new case requires its own basis for jurisdiction. *Kokkonen v. Guardian Life*, 511 U.S. 375 (1994). In the Hyderally & Associates legal fee petition, there is no mention of the Civil Rights Attorney Fees Award Act (42 U.S.C. § 1988(b)) which authorizes courts to award reasonable fees to the prevailing party. Hence, without

diversity and without alleging federal statutory jurisdiction, the Court does not find jurisdiction. The Supreme Court has admonished that "requests for legal fees should not result in second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Here, Hyderally & Associate's petition is second litigation. Hence, the Court dismisses the Petition due to a lack of jurisdiction. In the event Ms. Thomas prevails and there is an award of legal fees, the Court will consider upon motion the merits of Hyderally & Associates's legal fee in the usual course with other Plaintiff's attorneys.

IT IS on this 23rd day of September, 2011;

ORDERED that the Verified Petition for Determination and Enforcement of Attorney Fee Lien (docket entry 129) is dismissed without prejudice.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.